Lucius Hitchcock *v.* Harvey North.

In an action for damages for a malicious prosecution, a defendant may, under the general issue, offer in mitigation of damages, evidence of circumstances calculated to show that he had just cause to suspect the plaintiff of the offence with which he was charged. All the circumstances attending the transaction tending to show the defendant's motives, ought to be inquired into.

Appeal from the District Court of the First District, *Buchanan*, J.

Bullard, J. The plaintiff seeks redress in this action for slanderous words uttered against him, and for false imprisonment instigated by the defendant. He represents that he was pointed out by the defendant to the policemen as a suspicious character, and ordered to be arrested. That he was conducted through the city as a common felon, his pockets searched, and that he was confined in the police jail, where he was obliged to stand up all night. That in the morning, he was put into a *cachot*, or dungeon, and there watched with other persons, among others, a negro fastened in the stocks. That he was afterwards taken before the Recorder of the First Municipality, who required bail, which the petitioner could not give, because he had no opportunity to communicate with his friends. That he was, thereupon, hand-cuffed and conveyed to prison, where he was confined from the 4th to the 15th of January, 1841, when he was brought before the Recorder and honorably discharged. He charges these acts to have been done maliciously, and without probable cause.

The petition discloses acts of high handed oppression and outrage. The plaintiff was not charged on oath with any criminal offence; he was dragged through the streets as a felon, and confined for ten days in a loathsome jail. He recovered a judgment for one thousand dollars damages, and the defendant appealed.

Our attention is called to a bill of exceptions, from which it appears, that the defendant offered to call witnesses to prove, that on the evening on which the plaintiff was arrested, the defendant had good reasons to suspect and believe that a plan had been laid, and was about to be carried into effect, that evening, to break into

Hitchcock v. North.

and rob his store, and to connect the plaintiff with said plan and intent to break in and rob the said store, and thereby to repel the plaintiff's allegation of malice and want of just cause, and to show just cause for calling in the police, and their arrest of the plaintiff. The plaintiff's objection to such evidence was sustained by the court, and the defendant took his bill of exceptions.

Although the defendant did not make any affidavit before the Recorder, which would have authorized a criminal prosecution, and has not pleaded in justification, but relies upon the general issue, yet as the plaintiff charges him with malice, we think the evidence offered was admissible, in mitigation of damages.   It appears, by a second bill of exceptions, that the defendant further offered witnesses to prove, that, at the moment of the arrest of the plaintiff, he was in company and associated with a person of bad character and conduct; and harbored and habitually associated with such person, rendering him obnoxious to suspicion himself, and thereby to rebut the inference of malice on the part of the defendant, and to show just cause for his arrest.   We are of opinion the judge ought to have permitted, in mitigation of damages, the latitude of proof asked for by the defendant.   It may be true, that those circumstances did not appear to the defendant sufficiently strong to authorize him to make oath to the belief of the existence of some criminal intent on the part of the plaintiff, yet all the circumstances attending the transaction, tending to show the defendant's motives, ought to have been inquired into.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, and that the case be remanded for a new trial, with directions to the judge not to refuse the evidence as set forth in the bills of exceptions ; and that the plaintiff pay the costs of the appeal.

*Cohen,* for the plaintiff.

*Bradford* and *Grymes,* for the appellant.