————————o————————

5022.

(Court of Appeal, Parish of Orleans).

## EDWARD ROSS vs. P. RICKERT, JR., ET ALS.

1. Where the defense to an action for damages for false arrest and malicious prosecution is the general issue, evidence of probable cause and want of malice even though admitted without objection, can not avail as a justification but can be considered only in mitigation of damages.

2. Where the evidence, receivable in mitigation of damages, shows probable cause and want of malice, and no special damages are proved, only nominal damages will be allowed.

Appeal from the Civil District Court, Division, "E."

J. Arthur Charbonnet and F. F. Tessier for plaintiff and appellant.

Jas. E. Zunts for defendants and appellees.

ST. PAUL, J.—This is an action for damages for alleged false arrest and malicious prosecution. The answer sets up the general issue.

The only question of law presented is as to the effect to be given to certain testimony; otherwise only questions of fact arise.

In actions of this nature where the answer is merely a general denial, evidence or probable cause and want of malice is not admissible to show justification, but may be introduced in mitigation of damages.

> Hitchcock vs. North, 5 Rob. 328; Caspar vs. Brosdame, 46 An. 38.

During the course of the trial, plaintiff called to the witness stand one of the defendants and the testimony given by this witness tended to show probable cause and want of malice. It is now contended that plaintiff, having himself introduced evidence to which he might have objected, must abide by the effect thereof, whatever it may be.

As a general proposition this is true, **Lafon vs. Gravier, 1 N. S. 243**; but it is well settled that evidence admissible under the pleadings cannot serve to enlarge them, even though received without objection.

> Rogers vs. Southern Fiber Co., 119 La. 715; 112 La. 127; 31 An. 864.

Nor does it affect the case that the evidence was introduced by the party against whom it is sought to use it. The presumption is that he offered it under the pleadings, not beyond them.

> Jones vs. Read, 1 An. 200; Mullen vs. Follain, 12 An. 838.

Under the pleadings therefore, this evidence cannot avail defendant as a justification, but must be considered only in mitigation of damages.

On the merits, the evidence is conflicting, but the district judge, who saw and heard the witness, and gave judgment for defendant, evidently believed the testimony of defendant and found probable cause for the arrest and subsequent prosecution, and want of malice on the part of defendants. This finding of fact appears to us correct.

Under the record, plaintiff must have a judgment, but we think the amount thereof should be merely nominal. He has shown no actual damages (not even attorney's fees) and his character and feelings have been injured to an extent wholly inappreciable.

It is, therefore, ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiff, Edward Ross, and against the defendants, Frank Rickert and Fred. W. Rickert in solido for the sum of one dollar and costs of both courts.

Dufour, J., dissents and files an opinion.

May 30, 1910.

### Dissenting Opinion.

DUFOUR, J.—I think the language in **Hitchcock vs. North, 5 R. 328,** is rather broad, not applicable to a case like this, and, as here construed, opposed to the trend of jurisprudence.

The answer, a general denial, carries with it a denial of the allegations essential to recovery, to-wit: that the defendant acted without probable cause and with malice.

The evidence introduced by the plaintiff himself without objection or restriction as to purpose and scope conclusively proves defendants' case and shows probable

cause, absence of malice, advice of counsel, and, in my judgment the guilt of the plaintiff.

I deem it over technical to condemn defendant under the circumstances and to hold that he cannot obtain any relief whatsoever, other than in mitigation of damages.

I, therefore, respectfully dissent and believe that the plaintiff's demand should be rejected.

May 30, 1910.

## On Rehearing.

1. This ruling in *Hitchcock vs. North,* 5 R. 329, has not been followed by subsequent adjudication in cases of a similar character.
2. In a suit for damages for malicious prosecution, a plaintiff must prove *inter alia* malice and want of probable cause, and, under the general issue, the defendant may rebut such proof.
3. The evidence herein offered was admissible under the pleadings and is amply sufficient to exonerate the defendant.

Previous decree set aside and judgment affirmed.

DUFOUR, J.—A re-examination of this cause has led us to the conclusion that the case of **Hitchcock vs. North, 5 Rob. 329,** upon which our original decision was rested, even if it be construed to mean what plaintiff claims that it does, has not been followed or even mentioned by subsequent adjudication in cases of a similar character.

In **Plassan vs. Lottery Co., 34 An. 246,** in which the answer was a general denial, the ninth paragraph of the syllabus of the brief, as reported, makes the following point:

"Under the general issue no evidence will be received, except in mitigation of damages, there must be judgment for plaintiff in this suit under the pleading. 5 R. 329."

In the body of the brief, the following language is used:

"We call your Honor's attention to the fact that,

under the pleadings there must be a judgment for the plaintiff, as defendant has not pleaded in justification, and, under the general issue, he can offer evidence only in mitigation of damages, 5 R. 329."

The Court, in answering the issue thus directly made, said:

"The dominant questions presented **under the pleadings** and the evidence are:

"1st. Did the defendant corporation prosecute or instigate the prosecution?

"2nd. Was such prosecution malicious and without probable cause?

"3rd. Had it caused any damage to plaintiff?

"His counsel admits that his right of recovery depends upon positive and affirmative proof of each of these propositions."

See, also, **106 La. 202; 113 La. 887.**

The confusion in the mind of the counsel arises from a failure to distinguish between the burden of proof and the admissibility of evidence.

The discharge by the committing magistrate was a presumption of want of probable cause, which the defendants had the same right to rebut, as if positive proof had been offered of the facts which plaintiff was bound to prove in order to recover.

Under the pleadings, the evidence was admissible and we find it amply sufficient to exonerate the defendants.

Our previous decree is set aside and the judgment appealed from is affirmed.

November 7, 1910.