O’NIELL, J.
The defendant, relator, was charged with committing trespass, on or about the 13th of July, 1913, upon lands of the Louisiana Central Lumber Company. He filed a motion to recuse the honorable George Wear, judge of the Thirtieth judicial district court for the parish of La Salle, alleging numerous causes which were serious, if true, but which need not be mentioned in this opinion.
The motion to recuse was referred to the honorable Cass Moss, judge of the Fifth judicial district court, for trial, and, after the hearing of evidence and arguments, it was overruled in open court on the 13th of December, 1913. An application for a new trial of the motion to recuse was filed, heard, and overruled on the same day, and the defendant gave notice in open court that he would apply to this court for writs of certiorari and prohibition.
.On the 15th day of December, 1913, no application having been made to this court for writs of certiorari or prohibition, the case was called for trial before the judge of the Thirtieth judicial district court (having been previously fixed for trial), and the defendant filed a motion for a bill of particulars, which was sustained. Complying therewith, the district attorney amended the information so as to charge that the trespass was committed on the 12th day of July, 1913. The defendant then moved to quash the information on the ground that it did not allege the commission of a crime under the laws of this state. The motion to quash was immediately taken up, tried, and overruled, and a bill of excep *388 tions was reserved. The defendant then objected to going to trial on the ground that Judge Moss had not signed a judgment declaring Judge Wear competent to try the case, and that notice had been given of the defendant’s intention to apply to this court for writs of certiorari and prohibition.
“By consent of all parties the case was continued until the second Monday in February, 1914,”
—we quote* from the minutes of the court; and thus the objection to going to trial was disposed Of.
On the 9th day of February, 1914, the district attorney filed an amended answer to the bill of particulars, alleging that the trespass—
“was committed from about the 12th day of July, 1913, to the 18th day of July, 1913, and especially on the 18th day of July, 1913.”
The defendant objected to the amendment on the ground that it took him by surprise. The objection was overruled, the amendment allowed, and the case reassigned to the 13th of April, 1914, to give the defendant time to prepare his defense. On the 14th of April the defendant asked for and obtained a writ of attachment for an absent witness, and the case was then reassigned for trial to the 17th of April. When the case was called for trial on the 17th of April, the defendant filed a motion for a continuance on account of the absence of the witness for whom the writ of attachment had issued. The district attorney admitted that the witness would testify to the facts alleged in the motion for continuance,. and the court ordered that the defendant should go to trial. The defendant thereupon asked for an attachment for another absent witness, and asked that the trial be postponed until the witness could be procured. The court issued the attachment, but refused to postpone the trial, and the defendant reserved a bill of exceptions; but he did not complain of that ruling in the application presented to this court.
The case being then on trial, the state’s witness H. R. Ratcliffe testified that the trespass was committed on the 19th day of July, 1913; to which evidence the defendant objected on the ground that the original information charged that it was committed on or about the 13th, the bill of particulars fixed the exact date as the 12th, and the amendment extended the time—
“from the 12th to the 18th, and especially the 18th.”
Thereupon the district attorney moved to further amend the information so as to charge that the trespass was committed on the 19th of July, 1913. The defendant objected that the proposed amendment changed the issues and came too late. The objection was overruled, and the amendment allowed. The defendant then stated that he was taken by surprise, was prepared to prove an alibi as to the time from the 12th to the 18th of July, inclusive, but not as to the 19th of July, 1913; and he asked for another postponement to enable him to prepare his defense to the amended bill of information. This motion for continuance or postponement was denied, and a bill of exceptions was reserved. The hour of adjournment having arrived, the trial was not begun, but was continued over to the next morning, the 18th of April. When the case was called next morning, some time was consumed in a motion to summons six additional defense witnesses, which was allowed, and, when the court took the noon recess for dinner, the defendant had not yet introduced his evidence. It was Saturday, and the defendant’s counsel requested that the trial be allowed to go over to Tuesday, the 21st. 'The court refused this request, saying it would cause inconvenience to the witnesses who lived a great distance from the courthouse.
When court convened after dinner, the defendant and his counsel were both absent from court. The accused was called by the *390 sheriff three times at the principal front door of the courthouse, and, failing to get a response, the sheriff then called the surety on his hail bond, without avail, and judgment of forfeiture was entered against them.
When court opened on Tuesday morning, the 21st of April, the defendant and his attorney were in court.
On the latter’s motion, the judgment of forfeiture of the bond was set aside; the hearing of evidence was resumed and concluded ; the case argued and submitted; and the court rendered a- verdict of guilty. The next day .the defendant filed a motion for a new trial upon the ground that the 'verdict was contrary to the law and the evidence, upon the further ground that the judgment of Judge Moss on the motion to recuse Judge Wear had not been signed, and upon alb the grounds urged in the objections to the amendment of the information and motions for continuance. The motion for a new. trial being overruled, the defendant reserved a bill of exceptions, and then filed a motion in arrest of judgment, repeating that the -judgment rendered by Judge Moss on the motion to recuse Judge Wear had not been signed. The motion in arrest of judgment was taken up, tried, submitted, and overruled; and defendant’s counsel reserved a bill of exceptions. The court then sentenced the defendant to pay a fine of $150 and costs, or, in the alternative, to serve five months’ imprisonment in the parish jail, subject to work on the public roads according to an ordinance of the police jury.
Counsel for the defendant thereupon gave notice of his intention to make the application to this court for the writs of certiorari and prohibition, which we are now considering.
[1, 2] We are not 'in a situation to review the judgment rendered by Judge Moss on the application to recuse Judge Wear because the testimony, though taken down stenographically, was not transcribed. An affidavit of the stenographer, attached to the return of Judge Wear, says that the stenographic notes were lost or misplaced when the defendant’s counsel failed to carry out his intention, of which he gave notice to Judge Moss, to apply to this court fop supervisory writs. He has not asked for any writ or order to be directed to Judge Moss, and the issues decided by him were closed when the defendant, after repeated motions for delays, went to trial before Judge Wear. We are informed by the returns that several lawyers and at least one court official testified that Judge Wear was qualified to try defendant’s case, and we have no reason to doubt that the ruling of Judge Moss on the motion to recuse Judge Wear was supported by the evidence. This was not a final judgment, but only an interlocutory order. It was rendered in open court in the Thirtieth judicial district, and entered upon the minutes of the court, which was then vested with jurisdiction.
The complaint which had our most serious consideration when we issued the writ of certiorari was that the trial judge refused to allow the defendant further time to prepare his defense when the district attorney was permitted to amend the bill of information for the third time. The defendant asked for a postponement until the next Tuesday. When the judge refused the request, the defendant and his attorney arrogated to themselves the right to take the delay by absenting themselves from court until the following Tuesday. They cannot be heard now to complain that they did not obtain rightfully the delay which they took wrongfully.
For the rea'sons assigned, the rule to show cause why the writ of prohibition should not issue and the temporary restraining order directed to the honorable George Wear, judge of thfe Thirtieth judicial district court, are recalled and revoked; and this case is remanded to the district court to carry out its sentence.