No. 10,068
Orleans

FERNAND CAPDEVIELLE, Appellant, v. JOHN CHRISTINA

(March 1, 1926. Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Assault and Battery —Par. 1, 8.
Under a general denial in a suit for assault and battery the defendant may not show provocation as a defense, but only in mitigation of damages.
(Civil Code, Art. 2315. Editor's note.)

Appeal from the Twenty-fourth Judicial District Court for the Parish of Jefferson, Hon. Prentice E. Edrington, Judge.,

This is a suit for damages done by defendant's hogs and for the price of bread sold and delivered, which were admitted by the defendant to be due, and also for damages for assault and battery. There was judgment for defendant upon the three items, and plaintiff has appealed. Judgment reversed as to the third item of damages for assault and battery. Allowance made for actual disbursements.

T. F. Tiessier of New Orleans, attorney for plaintiff, appellant.

T. A. Middleton of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. The plaintiff sues upon three causes of action:

First. $13.25 for damage by defendant's hogs to his property.

Second. $13.34 price of bread sold and delivered by plaintiff to defendant.

These two items are admitted by defendant to be due to plaintiff.

Third. $1,650.25 damages for assault and battery by defendant upon plaintiff.

There was judgment for defendant upon the three items and plaintiff has appealed.

The plaintiff alleged that he was a neighbor of defendant; that on August 25th, 1923, the defendant, John Christini, maliciously and without probable cause assaulted and beat him on his property, causing him to employ a doctor and to remain in bed for nine days with great suffering; that plaintiff is a baker by trade; that he bakes and delivers his bread in person; that in consequence of his confinement he was compelled to employ a baker, whom he paid $58.50; a helper to deliver bread, whom he paid $22.50; an X-ray picture, $15.00, and a doctor, $54.25, making a total of $150.25; and that his sufferings are worth $1,500.00.

The defendant admitted that plaintiff and he were neighbors; he admitted that he owed plaintiff $13.34 for bread, but denied all the other allegations of the petition.

There was judgment for defendant, and plaintiff has appealed.

Upon the trial of the case the defendant offered testimony to show the cause leading to the assault by defendant upon plaintiff. To the introduction of this testimony the plaintiff objected upon "the ground that the defense in this case is a general issue; if the defense is to show a justification for assault and battery, that that is a special defense, and has not been made."

The objection was overruled and the testimony admitted. The testimony was admissible "in mitigation of damages." Caspar vs. Prosdame, 46 La. Ann. 36 (38), 14 South. 317.

Besides, the plaintiff could not be surprised by the testimony. 2 H. D. 1155 No. 1.

The facts of this case are as follows:

Madison Edwards, an employee of plaintiff, was dumping wood from a cart upon the ground; the defendant remonstrated with him and told him that the ground upon which he was dumping the wood was his property, and that he objected to it; and that if he continued he would have him arrested. Thereupon Edwards desisted and went to the plaintiff and informed him of defendant's objection; the plaintiff told Edwards to continue to dump the wood anyhow; this Edwards refused to do, when plaintiff told him he would do it; plaintiff then proceeded to the cart and took up a piece of wood, which he threw upon the ground in the presence of defendant; the defendant then told him that he had had the ground surveyed by Zander, a surveyor; that the surveyor had driven stakes in the ground to designate the lines; he showed the plaintiff the stakes, and those stakes showed that the place where plaintiff wanted the wood dumped was upon defendant's property; that plaintiff had refused to join defendant in having the survey made; that nevertheless the plaintiff persisted and proceeded to take sticks of wood from the cart and throw them upon defendant's land; that defendant then picked up the sticks and threw them back into the cart; finally he struck the plaintiff and they grappled, and both fell upon the ground; they continued the fight until plaintiff was badly beaten, with the result that he was disabled from work for nine days.

Although the courts cannot condone the action of the citizen in asserting his rights with violence, it looks with indulgence upon this method of protecting his property and accepts the act in mitigation of the damage. Under the circumstances of this case we are of the opinion that the plaintiff is entitled to be reimbursed the money actually disbursed by him, but nothing more. This is:

| | |
|---|---|
| Expense for baker | $ 58.50 |
| Expense for helper | 22.50 |
| Doctor | 54.25 |
| X-ray | 15.00 |
| Damage by hogs | 13.25 |
| Bread | 13.34 |

Making a total of ____$176.84

It is therefore ordered that the judgment herein be reversed and set aside; and it is now ordered that the defendant John Christini be condemned to pay to the plaintiff the sum of one hundred and seventy-six 84-100 dollars, with five per cent per annum interest from October 6th, 1923, till paid, and all costs of suit.