In this suit the plaintiff, Walter Manuel, seeks to recover damages from the defendant, Roy Ardoin, in the sum of $400, for what is alleged in his petition to have been an illegal, unwarranted and unprovoked attack upon his person.
He avers that on the night of Saturday, August 1, 1943, at about 11 o'clock, he was in a place known as the Old Owl Saloon, operated by Mack Aucoin, and which is situated just west of the corporate limits of the Town of Ville Platte; that he was there attending to his own business, in a quiet and peaceful manner, not disturbing anyone, and while standing at the bar, holding a fifty cent coin in his hand, awaiting to be served a drink by the bartender, the defendant, without cause or provocation, approached and attacked him, striking him over the head with a beer bottle and cutting a deep gash in his head. He further alleges that in attempting to ward off the blow he lifted his right arm and sustained a painful cut on that arm also and that both wounds required the taking of several stitches in order for them to heal. He further avers that he had to be taken to a hospital where he was attended by a doctor and a nurse and also that he was forced to lose eight days work at $3.50 per day. He itemized the damages which he claims as follows: Time lost from work $28; medical expenses, $25; physical and mental pain, $175; and humiliation caused by the attack having been made in a public place and in the presence of a number of people, $172. These items total the sum of $400, the amount of his demand.
The answer of the defendant may be said to be a general denial as each and every article of the plaintiff's petition is denied either outright or from lack of knowledge or information of certain allegations contained in some of the articles.
The case was tried in the district court on the issues as thus made and resulted in a judgment in favor of the defendant, dismissing the plaintiff's suit. The trial judge handed down a written opinion in which he held that the plaintiff had provoked the difficulty between himself and the defendant but seemed a bit doubtful about his ruling on the admission of testimony, over plaintiff's objection, which tended to show justification for the attack on the part of the defendant, for the reason that that is a matter which should have been pleaded as a special defense, whereas the defendant *Page 73 
had rested on a general denial. Even so, however, he was of the opinion that the testimony had been properly received in mitigation of damages and that the provocation by the plaintiff was shown to have been sufficient, in mitigation, to offset any possible damage which he may have sustained.
Plaintiff's objection to any testimony to show provocation was based on the ground that it would tend to enlarge the pleadings as the defense was based solely on a general denial, with no special defense presented. The authority relied on by counsel for plaintiff in support of his objection is found in the case of Capdevielle v. Christina, 3 La.App. 455, a decision by the Court of Appeal from the Parish of Orleans. In that case there were three items of damage claimed but the only contested item in the Court of Appeal seems to have been one for assault and battery. There had been judgment in favor of the defendant, and as in the case before us, the plaintiff had appealed. The opinion goes on to state that the defendant, during the trial of the case, had offered testimony to show the cause leading to the assault by the defendant upon the plaintiff and that this testimony had been objected to by the plaintiff on the ground that that would have been a special defense which should have been specially pleaded. Like in this case the objection was overruled and the testimony admitted. The Court of Appeal disposed of the objection by holding that the testimony was admissible "in mitigation of damages." The case of Caspar v. Prosdame, 46 La.Ann. 36, 14 So. 317, is cited. The court added further: "Besides, the plaintiff could not be surprised by the testimony," citing 2 H.D. 1155 No. 1.
Reference to the case of Caspar v. Prosdame reveals that there was involved a demand for damages for an assault, and that in his petition, the plaintiff had alleged the defendant's conduct to be malicious and for the purpose of humiliating and insulting him. Again like in this case, the defendant pleaded a general denial. Upon trial the court admitted testimony offered to prove irritation and provocation, limited, however, to mitigation of damages, and not admissible under the general issue to prove justification. The Supreme Court in passing on the question stated that the evidence was admissible "in mitigation, and was properly admitted, with the restriction made", citing the case of Hitchcock v. North, 5 Rob. 328, 39 Am.Dec. 540.
In Hitchcock v. North, the plaintiff was suing the defendant for slanderous words and for false imprisonment instigated by the defendant. During the trial, the defendant offered to call witnesses to prove that on the evening plaintiff was arrested, he (defendant) had good reason to suspect that a plan had been laid and was about to be carried into effect, that evening, to break into and rob his store and that plaintiff was connected with said plan. The purpose of such testimony was to repel the plaintiff's allegation of malice and want of just cause. An objection to the testimony was sustained by the court on the ground that the defendant had not pleaded in justification but relied upon the general issue. Still, the court held that as the plaintiff had charged the defendant with malice, the testimony offered was admissible in mitigation of damages.
In all these cases, the situation, as far as the pleadings were concerned, seems to have been different from what is found in the case before us. There was nothing to indicate in any of them that the plaintiff had alleged any more than that the assault had been committed, and that, at the most, it had been malicious and made for the purpose of injuring him. In the present case the issue of provocation was tendered by the plaintiff himself, as in four different articles of his petition he alleges that the assault was either "unwarranted and unprovoked" or "without cause or provocation." Such allegations are to be found in articles, three, four, five and eight of the petition. Whilst it is true that articles three and eight are denied by the defendant "for lack of information", articles four and five are both specifically and categorically denied. Plaintiff having tendered the issue and the defendant having met the same by his denial, it strikes us that the question was clearly before the court and that the testimony was admissible under the pleadings.
We have discussed this point at some length for the reason that we prefer to dispose of the case on the testimony showing who was the aggressor in the assault, rather than dismiss plaintiff's suit on the ground that the testimony was admissible only to show mitigation of damages, and having to hold, as apparently the district judge did, that there had been sufficient provocation shown to off-set any damages.
Considering the testimony from the standpoint of who was the aggressor, *Page 74 
we are inclined to agree with the trial judge that it is very conflicting, but we also agree with him that it favors the defendant as he seems to have been provoked and irritated to the extent that he was justified in striking the plaintiff as he did. The testimony impresses us as being just the kind that is to be expected when an incident like this, growing out of a drunken brawl in a saloon, arises. To begin with, nearly all those present, as well as the participants, have been indulging in drink and the excitement brought about under such conditions keeps them from using the same amount of judgment in observing and remembering what was said and done, as would be the case under different conditions and circumstances.
There is some testimony to the effect that the plaintiff had a knife in his hand at the time he was struck by the defendant, but the preponderance of the testimony is that he did not. One witness for the defendant testified that plaintiff asked him for his knife, but he had none to lend him. Two witnesses say that before the encounter they saw the blade of the knife in his hand but strange to say, although in the encounter plaintiff raised his hand to guard his head, nobody saw the knife then and, furthermore, nothing is known of what became of it afterwards.
We find, however, that the preponderance of the proof shows that the plaintiff had been drinking considerably and that he had made himself a bit obnoxious in the place. He had been put out once already that night by those in charge of the establishment, but seems to have been bent on having some trouble as he re-entered through the back door and again accosted the defendant and his friends with whom he had had some words before. True, he made no overt act against the defendant but did use some language towards him which was sufficient to irritate and provoke him. His conduct otherwise was of a sufficient nature to arouse a feeling on the part of the defendant that unless he took some action, plaintiff might go a bit further and attempt to harm him. All of this, under the law, as laid down in numerous cases, made the plaintiff the aggressor, or the one who provoked the difficulty, and as such aggressor, it has consistently been held by the Supreme Court and all the Courts of Appeal, that he cannot recover. In Landry v. Himel, 176 So. 627, 629, this Court stated that "where a plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment or fear on the part of the defendant, the plaintiff cannot recover for an assault and battery, although the defendant may not have been justified in law in his conduct." Several cases are cited in support of the ruling which we now hold applies in this case.
For the reasons stated it is ordered that the judgment appealed from be, and the same is hereby, affirmed at the costs of the plaintiff, appellant herein.