FRUGE, Judge ad hoc.
This is a -suit filed by Alberta Jenkins against Cities Service Refining Corporation and Jesse W. Coltrin seeking judgment against Cities Service Refining Corporation under the Louisiana Workmen’s Compensation Act, Act No. 20 of 1914, as amended, for $20.00 per week -for 300 weeks as being due her on account of the death of her husband, Wilson Jenkins, an employee of Cities Service Refining Corporation. In the alternative the plaintiff seeks a solidary judgment against Cities Service Refining Corporation and Jesse W. Coltrin for $20,000 for the death of her husband as aforesaid.
Hartford Accident and Indemnity Company is named in the original petition as the insurer of Cities Service Refining Corporation, but the insurance company was not made a party to the suit.
Exceptions of no cause or right of action were filed in behalf of both defendants and were overruled by the Court. Plaintiff then amended her original petition to "allege that the deceased, Wilson Jenkins, was killed while engaged in the course of his employment. Answers were filed by the two defendants and issue thus being joined, the case was tried on its merits.
After trial on the merits plaintiff’s suit was dismissed as to both the main and alternative demands. The Trial Judge found that there were three principal questions of fact that were presented on the trial of this case—
We will consider only the third point, being sufficient to dispose of this case, thus:
Was the deceased the aggressor in the altercation which occurred at the time he received his injury and where he was fatally injured at a time when he willfully intended to injure himself or another?
On this question of fact the Trial Judge came to the conclusion that the deceased,. Will Jenkins, had been assigned to work in the K-6 Structure at the plant of the Cities Service Refining Corporation, one of the-defendants herein, but that he had left this. K-6 Structure and had proceeded to approach the K-3 Structure for the purpose of provoking the difficulty which resulted. He further found that immediately prior to, and at the time of the fatal injury to the decedent, Will Jenkins, he, the said Will Jenkins, intended to willfully injure the defendant Jesse W. Coltrin. Having reached these conclusions as to the facts he dismissed the main suit for compensation.
The Trial Judge further held from his. appreciation of the facts that there was no. negligence on the part of the employer,. Cities Service Refining Corporation, nor on the part of the fellow employee, the other defendant, Jesse W. Coltrin, that it was necessary for Coltrin to strike the blow which-resulted in the death of plaintiff’s husband in defense of his person.
A careful study of this record, with particular attention to the testimony of the-witnesses, lead us to the conclusion that the-Trial Judge is correct.
The deceased was an employee of the-Cities Service Refining plant in Calcasieu: Parish, a man about 48 years of age and weighing about 180 pounds, who was employed as a janitor in Structure K-6 of the C-4 Gas Recovery Unit which is a shed like structure supported by large concrete col *721 umns with no side walls and in which are located various machinery and operating units of the C-4 Gas Recovery System; defendant Jesse W. Coltrin, also an employee of the same refinery as electrician first class. He was directed to replace some conduit iron pipe between Structures K-6 and K-3 of the C-4 Gas Recovery System which are about 30 to 40 feet apart. Coltrin, in moving his ladder about his work, set it down within a coil of the hose without having any knowledge at that time that he had done so, and climbed upon the ladder to go about his work on Structure K-6. It appears that this greatly infuriated Jenkins because of the fact that Coltrin had hampered the movements of his hose with the ladder, and he, Jenkins began to mumble, threaten and curse Coltrin. There had been no previous words, or difficulty between them. Jenkins, in effect, demanded that Coltrin come down from the ladder and remove it, whereupon Coltrin stated that he would, in just a minute, evidently to finish doing a particular job, and he then came down from his ladder and removed it. At this juncture Coltrin moved over to Structure K-3 and continued the work assigned to him. We are convinced from the testimony of the witnesses that Coltrin desired to remove himself from the vicinity of Structure K-6 where Jenkins was engaged in janitor work. Coltrin, in his work, had occasion to cut conduit pipe about 2 or 3 feet long and about % to 1 inch in diameter. It is a piece of this conduit pipe that Jenkins picked up to make an assault on Coltrin. Coltrin used an instrument which is known as a "hickey”, being a pipe bending tool about 3 feet long with a big knuckle on the end.
About 45 minutes after Coltrin left the K-6 Structure and was engaged in his work at the K-3 Structure, something like 30 feet apart, he was attracted by the approach of the decedent, Will Jenkins, who had this conduit pipe in his hand in a threatening manner, advancing on him. At this point he, Coltrin, picked up the “hickey” and tried to ward off the blows which the decedent evidently intended to inflict upon him. He did succeed in shoving back Jenkins by swinging the hickey in a warding off manner but Jenkins came back from the other side of one of the columns and would have hit Coltrin if Coltrin had not struck him in self-defense with the hickey. There was only one blow inflicted on Jenkins’' head. After Jenkins fell to the floor he still held the length of pipe in his hand and two of the employees removed it. Coltrin immediately ran into the control room and requested an ambulance stating that he had hit the man and then furnished his coat to place under the head of the victim awaiting the ambulance. Substantially the above is our appreciation of the true facts as testified to by the witnesses. Subsequently Jenkins was taken to the sanitarium, an emergency operation was performed on his skull to remove pressure from his brain but he died there few days thereafter.
The defendants urged, as a special defense, provisions of Section 28 of Act No. 20 of 1914, as amended, known as our Louisiana Workmen’s Compensation Act which provides as follows: “1. No compensation shall be allowed for an injury caused (1) by the injured employee’s wilful intention-to injure himself or to injure another * *
One of the leading recent cases on this point is the case of Gross v. Great Atlantic & Pacific Tea Co., La.App., 25 So.2d 837, 844, wherein considerable Louisiana jurisprudence was reviewed and which is, in our opinion, authority that no recovery can be had herein by the plaintiff from either of the defendants. We quote from the concluding paragraphs of that opinion:
“We conclude that it is well established that in considering whether an accident arises out of and occurs in the course of employment, the statute should be liberally interpreted in favor of the claimant and that recovery should be allowed unless some special defense such as those set forth in Section 28 is clearly established. By such a defense the case is removed from the general rule. In the case at bar the accident can be said to have arisen out of the employment but there can be no recovery because of the effect of Par. 1 of Section 28.
“From the cases which we. have discussed, we form the conclusion that mere verbal arguments or verbal provocations, *722 unless they are extremely serious, should not be considered as the commencement of such affrays as this. We think that we should look to the first physical act or the first threat of violence accompanied by an apparent attempt to carry out the threat. Here the first act of violence was the slap in the face which Gross administered to Johnson. Since that first act'was committed fey Gross, himself, he cannot recover.
We think the case of Burkhardt v. City of Monroe, La.App., 37 So.2d 601 is pertinent here. This decision was rendered by the Court of Appeal for the Second Circuit and applied the provisions of the Workmen’s Compensation Act above quoted where two employees of the City of Monroe at the city pump on Bayou DeSiard became involved in an altercation over some illegal fish traps which they had placed in the bayou adjacent to the pump station. As a result of this altercation one of the employees was killed) by the other. It was shown in that case that the deceased employee had made an overt act, and in fact was attacking his fellow employee with a wrench, when in self-defense the fellow employee shot and killed him. The court held that the deceased was the agressor and that no recovery could be had.
In the case of Turner v. Baton Rouge Coca Cola Bottling Co., 15 So.2d 153, the Court of Appeal for this circuit held that a blow delivered by a fellow employee who was, being attacked by the injured employee precluded any recovery under the Workmen’s Compensation Act. In this case the injured employee was held to he the aggressor and Section 28 of the Workmen’s Compensation Act was applied.
In the case at bar the evidence discloses that the deceased' employee was the aggressor, and that the defendant, Coltrin, struck the victim in self-defense. Hence, Section 28 of the Workmen’s Compensation Act is applicable to bar recovery.
In view of the factual situation in this case it is our opinion that plaintiff cannot recover under her alternative plea under the general tort statute of Louisiana for the reason that when a person inflicts an injury in self-defense no recovery can be had by the injured person or by his heirs or widow. See Hingle v. Meyers, 135 La. 385; 65 So. 549; Manuel v. Ardoin, La.App., 16 So.2d 72; McCurdy v. City Cab Co., La.App., 32 So.2d 720.
Judgment of District Court is affirmed, plaintiff and appellant to pay all costs.