(93 South. 675)

No. 24831.

SELSER et ux. v. REVOL et al.

(July 17, 1922. Rehearing Denied by Whole Court Oct. 19, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⬤⟳994(2)—**Credibility of witnesses is for jury.**

It is the peculiar province of a jury to pass on the credibility of witnesses, and a verdict will not be disturbed on questions of fact involving the credibility of witnesses, unless manifestly erroneous.

2. **Appeal and error** ⬤⟳1002—**Verdict not disturbed when testimony conflicting, and that for plaintiff sufficient to support verdict, though not believed by trial judge.**

In an action for the death of a child struck by an automobile, where the evidence was conflicting, and that for plaintiff was sufficient to sustain a verdict, and though the trial judge in denying a new trial stated that he did not believe plaintiff's testimony, he also stated that he did not think any new or additional testimony could be introduced on a second trial, and that a second trial would be simply a repetition of the first, the verdict will not be disturbed.

3. **Death** ⬤⟳99(3)—**$15,000 for death of child held excessive.**

A verdict of $15,000 in favor of parents for the death of their son, 9 years old, *held* excessive and reduced to $6,000.

O'Niell and Baker, JJ., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Harry A. Selser and wife against G. D. Revol and another. From a judgment for plaintiffs, defendants appeal. Amended and affirmed.

Lemle, Moreno & Lemle, of New Orleans, for appellants.

L. H. Gosserand, of New Orleans, for appellees.

By Division B, composed of Justices O'NIELL, LAND, and BAKER. (Justice PROVOSTY, of Division A, and Justice DAWKINS, of Division C, took part in the consideration of this cause, and signed the opinion with Justice LAND.)

LAND, J. In the afternoon of October 21, 1920, Robert L. Selser, the minor son of Harry Arthur Selser and of Grace Fulton Selser, was struck by an automobile owned by Gus D. Revol, one of the defendants, and driven by Ralph Landry, the other defendant, who is an employee of Revol.

The child, nine years of age, sustained injuries resulting in his death. This is an action brought by the surviving mother and father of the deceased to recover damages from the defendants individually and in soli-

do in the sum of $30,150 for the death of their son.

In their own right, petitioners claim the sum of $15,000 as damages for the grief, mental anguish, sorrow, and deprivation of the society of their son, occasioned by his untimely death. And as successors' to his individual right of action to recover compensation for the suffering, which petitioners allege was endured by their son, they demand damages in the sum of an additional $15,000. Petitioners also sue to recover the costs attendant upon the funeral and burial expenses of their son, estimated in the petition at $150.

Petitioners allege that the accident happened to their son at the corner nearest the Warren Easton High School, and while he was returning home from school, and was crossing Canal street at Salcedo street; that this street crossing was within one of the safety zones established by the city authorities of the city of New Orleans; that near the corner of Canal and Gayoso streets about 300 feet from where this accident occurred, there was posted at the time of the accident a sign, cautioning all drivers of vehicles to proceed slowly because of the danger to the pupils of the three schools situated in the immediate vicinity of this accident; that the driver of the Revol car passed directly in front of said sign warning him of the dangers to the attendants of said school; that he paid no heed to same, and continued to drive at an excessive rate of speed, in spite of the warning, and in violation of the law.

Defendant Gus D. Revol admits in his answer the ownership of the car and the fact that it was driven by Ralph Landry, his agent, and that the injuries to said child resulted in his death. Defendant denies that said child was crossing Canal street at Salcedo at the corner nearest the Warren Easton High School, but avers that the said

152 LA.—15

child was crossing at some distance from the crossing generally used by pedestrians, and some distance from the crossing of Salcedo street. Defendant avers that the injury and subsequent death of the said child was due to his own fault and negligence in attempting to cross the neutral ground on Canal street at a place not used by pedestrians, without first stopping and looking to see if automobiles were approaching, and that said child was screened by bushes and trees growing along said street, and emerged so suddenly, and in such close proximity to the automobile of defendant, that it was impossible for defendant's agent to stop the automobile in time to avoid the accident. Defendant also denies excessive speed at the time of the accident.

The answer of the defendant Ralph Landry is substantially the same as that filed by the other defendant in this case.

The case was tried by jury, which returned a verdict in favor of plaintiffs and against defendants, individually and in solido, for the full sum of $15,000, with legal interest from judicial demand.

A motion for a new trial was filed by defendants, and overruled by the trial judge for the following reasons:

"In this matter I am presented with an application for a new trial. The action is sounding in damages for an alleged tort. The allegation is that the child of the plaintiffs was run down while standing in the middle of the street and killed through the negligence, carelessness, and violation of law of the defendants. I followed the testimony of the witnesses very closely, and it convinces me that the defendant's automobile was traveling at a lawful and reasonable rate of speed, going out Canal street, and in rather close proximity to the curbing of the neutral ground, and that while going in this manner the unfortunate child ran across the neutral ground, near the middle of the block, and came from behind a thick, dense bush and out on the street in the immediate front of the automobile, and was run down and killed. I am satisfied from the evidence that no human agency could have pre-

vented the death of the child, under the circumstances, and that no fault whatever is attributable to the defendants. *However, there was evidence introduced before the court and the jury, which I do not believe, that the child was out in the middle of the roadway in clear view of the driver of the automobile, and, at such a distance from the automobile, it could either have stopped, or turned to the right or to the left to avoid striking and killing the child. As I say, I do not believe this evidence, but it is a question of fact, and under the charge that I gave to the jury I can only believe from the verdict rendered that the jury believed this evidence. The case was thoroughly tried out, in my opinion, and on a new trial I do not believe that any new or additional testimony of any nature or kind could be introduced, and the new trial would be simply a repetition of the trial, and juries are called for the special purpose of trying questions of fact.* This jury has determined the fact differently from what I would have determined it, and I do not believe that the best interests of justice would be subserved by granting a new trial. It would simply clog up this court and prevent the trial of other jury cases which are urgently asking for trial. I believe that it would be to the best interests of all parties that I should refuse a new trial, and let the case go before the Supreme Court, where the members of that august tribunal will read the evidence, and, if they agree with me, will reverse the finding of the jury, or if they agree with the jury will affirm the judgment rendered. For these reasons, the application for a new trial will be refused. [Signed] H. C. Cage, Judge." (Italics ours.)

After assigning these reasons for refusing the new trial, the judge a quo signed the following judgment:

"Considering the verdict of the jury herein rendered, and the law and the evidence being in favor of the plaintiffs, it is ordered, adjudged, and decreed that there be judgment in favor of plaintiffs, Harry Arthur Selser and Grace Fulton Selser, and against defendants, Gus D. Revol and Ralph Landry, individually and in solido, for the full sum of ($15,000.00) fifteen thousand dollars, together with legal interest from judicial demand, until paid, and for costs."

The trial judge does not take the position that the testimony on behalf of the plaintiffs, if credible, is not sufficient upon which to base a verdict. On the contrary, he admits that it is ample, if true, and that, in his opinion, "a new trial would be simply a repetition of the trial"; i. e., would result again in a verdict in favor of plaintiffs. If the testimony adduced by plaintiffs be of such a character as to readily convince a second jury, the verdict of the jury in this case cannot be said to be manifestly or clearly erroneous.

[1] It is the peculiar province of a jury under the law of this state to pass upon the credibility of witnesses. A jury of the vicinage is presumed to know the witnesses, and to be acquainted with their reputations for truth and veracity in the community in which they live. The jury see the witnesses, hear them testify, and are better capacitated to place a just estimate on their evidence than the judges of the Supreme Court on appeal, and their verdict, for these reasons, should not be lightly considered or hastily disturbed. Lampkins v. Vicksburg, etc., R. Co., 42 La. Ann. 1007, 8 South. 530; Griffin v. Railroad Co., 41 La. Ann. 808, 6 South. 624.

On questions of fact involving the credibility of witnesses, the verdict of the jury will not be disturbed unless manifestly erroneous. Moret v. N. O. R. Co., 112 La. 863, 36 South. 759; Williams v. Louisiana Ry. & Nav. Co., 121 La. 438, 46 South. 528.

[2] The decision of this case hinges alone on the credibility of the witnesses, as their testimony is conflicting as to material issues. This conflict has been reviewed by the trial judge in assigning his reasons for refusing a new trial in this case.

We have, on the one hand, the defendant's witnesses testifying that the Revol car, driven by Ralph Landry, was within from three to five feet from the neutral ground, and was moving at a rate of speed from 10 to 15 miles per hour, when plaintiff's son suddenly emerged from behind a bush on the

neutral ground and ran in front of the approaching automobile and was knocked down and killed.

On the other hand, we have the plaintiff's witnesses testifying that the Revol car was running at a speed of 30 or 35 miles an hour, and struck the child in the middle of the street, when the child was in plain view, and that, at the time, the school children were out on the sidewalks and on the neutral grounds, that the accident happened in a safety zone near the Warren Easton High School, and that there was a traffic sign on Canal street near the high school reading: "Danger, School, Drive Slow." The defendant Ralph Landry admits that he knew that this sign was there, and that he was operating the Revol car within a safety zone near a school.

The very purpose of a trial by jury is to decide the facts of a case, and we do not feel justified in setting aside the verdict of the jury in this case, where the testimony is conflicting, and the testimony of the plaintiff is sufficient to sustain such verdict, if accepted as credible. The jury has believed the plaintiff's testimony, and the trial judge has stated in his reasons for overruling the motion for a new trial that he does not believe that any new or additional testimony of any nature or kind could be introduced on a second trial, and that, if a new trial should be granted in this case, it would be simply a repetition of the trial already had; that is, it would result again in a verdict in favor of plaintiff.

The main witnesses for plaintiffs are J. H. Lewis and Sutter M. Lewis, his son. The evidence shows that these witnesses are strangers to plaintiffs and their deceased son, and the record in this case fails to disclose that these witnesses have the slightest interest in this case. They became witnesses for plaintiffs merely because it happened that J. H. Lewis was riding with his family in his automobile a short distance behind the Revol car at the time of the accident. The main witnesses for defendants are Ralph Landry and Norbert Conzleman, both employees of the defendant Gus D. Revol; Landry being also codefendant in this case. The jury in weighing the testimony in this case evidently considered the interest of each witness who appeared before them in the result of this suit.

The plaintiffs themselves, the surviving mother and father of the deceased child, were not eyewitnesses to this unfortunate accident, and their recovery of damages in this case is based upon the testimony of other witnesses.

[3] We are satisfied, however, that the verdict of $15,000 awarded plaintiffs by the jury in this case is excessive. In the case of Cherry v. Louisiana & A. Ry. Co., 121 La. 471, 46 South. 596, 17 L. R. A. (N. S.) 505, 126 Am. St. Rep. 323, we gave the father and mother $12,000 for the death of two sons, aged, respectively, 6 and 10 years, who were killed in a collision at a railroad crossing. These damages included the elements of physical pain from the time of the accident until death, and also the mental sufferings of the parents occasioned by the death of the children. In the case of Buechner v. City of New Orleans, 112 La. 599, 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455, where a boy between 8 and 9 years of age fell through a hole in a city bridge, and was drowned, the verdict of the jury was for $6,000, and was affirmed by us on appeal. In the case of Bourg v. Brownell-Drews Lumber Co., 120 La. 1009, 45 South. 972, 124 Am. St. Rep. 448, where a boy 13 years old died from his injuries almost immediately, the father and mother recovered damages for their sorrow for his untimely death in the sum of $5,000. The Louisiana law does not authorize the infliction of punitive damages in civil cases. Serio v. American Brewing Co., 141 La. 290, 74 South. 998, L. R. A.

1917E, 516; Vincent v. Morgan Co., 140 La. 1047, 74 South. 541.

We, therefore, conclude that the sum of $6,000 as actual damages will satisfy the ends of justice in this case.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by reducing the amount thereby awarded to $6,000, and, as amended, affirmed; plaintiffs to pay the costs of appeal.

O'NIELL and BAKER, JJ., dissent.

Rehearing refused by the WHOLE COURT.