### GRAHAM v. GORDON.
#### No. 1155.

Court of Appeal of Louisiana.  First Circuit.
May 22, 1933.

C. G. Spaht and Moise Thibodeaux, both of Baton Rouge, for appellant.

Chas. A. Holcombe, of Baton Rouge, for appellee.

MOUTON, Judge.

Defendant is a public accountant of the city of Baton Rouge. Plaintiff alleges that she was employed by defendant as an accountant on a basis of one-half of the amount for fees defendant would charge and receive from his clients on all the work which she would "complete by herself." She alleges that she rendered services as an accountant from January 14, 1932, to May 6, 1932, acknowledges to have received $350 from defendant, and is claiming from him a balance of $240, with legal interest from judicial demand.

The contention of the defendant is that his agreement with plaintiff, not a certified accountant, was that he would give her one-half of what he charged his clients for plaintiff's services per day, and not one-half of what he charged his clients, as claimed by plaintiff.

The difference between the litigants, as hereinabove stated, constitutes the vital issue for solution.

The demand is grounded on a verbal contract which was interpreted adversely to the contentions of the plaintiff by the district judge who rendered judgment rejecting the demand, from which plaintiff prosecutes this appeal.

Plaintiff, as is alleged in her petition, swore she was, under her contract, entitled to one-half of the fees defendant charged his clients for all work performed by her; and defendant testified with equal positiveness that, according to the agreement, he was to pay plaintiff one-half of what he charged his clients for the services rendered by plaintiff.

Mr. Donald Graham, plaintiff's husband, was called as a witness in her behalf to corroborate her statement. He testified quite at length about a couple of conversations he had with defendant in reference to the agreement in question. After referring to these conversations, he finally stated, however, that he could not say if defendant meant he was to allow plaintiff one-half of what he charged his clients or one-half of the fees he charged his clients for the services rendered them by plaintiff. His testimony is therefore of no avail, and we must return for the solution of the case to the testimony of Mrs. Graham, plaintiff, who asserts a certain state of facts flatly denied by defendant, and who gives a

different version of the contract. There was no corroboration of plaintiff's testimony by that of her husband and none from any other evidence in the record. Hence we have the testimony of plaintiff one way and of the defendant the other.

In the case of McDonnell v. New Orleans Cypress Company, 115 La. 67, 38 So. 896, plaintiff's testimony was denied by witnesses for defendant, and the court referred to the well-settled jurisprudence of the state and said that the verdict of a jury or the opinion of the judge a quo upon the credibility of witnesses will not be disturbed, unless manifestly erroneous or clearly wrong.

The court below gave no written reasons for its judgment and, as far as we are aware, no oral. It is obvious from the nature of the case that the decision turned upon the credibility of the two witnesses, plaintiff and defendant, both equally interested, and that the court gave credence to the testimony of the defendant. The general rule is that in such a case there will be no reversal by appellate courts, unless the judgment be manifestly erroneous or clearly wrong, not the situation here.

Judgment affirmed.