This is a tort action in which the plaintiff seeks damages of City Cab Company of Monroe, Louisiana, C.W. Boyce, owner thereof, and John Sullivan, its employee, sustained by him as the result of an allegedly unprovoked assault and battery committed upon him by the said Sullivan.
Plaintiff alleged that at about the hour of 10:15 P.M. on October 17, 1946 he walked into the office of the cab company on Harrison Street in said city and sought to engage a taxi to carry him to his home; that he was informed by someone in the office that there was not then a taxi available, but that one would be very soon; that as he stepped backward through the office door and was still talking to the man in the office (afterwards identified as Sullivan), he was struck so violently on the back of his head by an unknown person he fell to the ground semiconscious; that while in this position the man in the office (Sullivan) came out and kicked him about the chest; that he was so seriously injured from said kicking he is now permanently disabled to work, etc.
Defendants, in defense of the action against them, allege that on the day and hour stated by plaintiff, he, from the opposite side of the street, approached the company's office in a boisterous, profane and hostile manner, and without cause or provocation, cursed Sullivan, who was then in charge of the office, and while threatening him with bodily harm, attempted to enter therein; that Sullivan, who suffers serious physical deficiencies, repelled plaintiff by placing his right foot against his chest and pushing him from the office; that plaintiff, then being under the influence of intoxicating liquor, fell to the ground *Page 721 
and was somewhat, though not seriously injured; that immediately thereafter, to plaintiff's knowledge, the police department of the city was called and he hastily left the scene.
Defendants specifically plead that plaintiff was the aggressor in the difficulty and for this reason is without right to recover herein. In the alternative, they plead that should it be found and held that Sullivan is to any extent liable to plaintiff for the injuries he sustained, in that event, defendant Boyce is not responsible to him since the acts of said Sullivan were beyond and not in the scope of the duties of his employment and were not performed in furtherance of nor to protect his employer's interest.
At the conclusion of trial below, the court immediately rendered judgment rejecting plaintiff's demand and dismissing his suit. He prosecutes appeal to this court.
At the inception of the trial, counsel for Boyce objected to the introduction of any evidence insofar as concerned Boyce for the reason that the petition did not disclose a cause or right of action against him. The objection was overruled and the testimony, it was ruled, would be admitted subject to the objection. In this court, on behalf of defendant Boyce, exceptions of no cause and no right of action were filed and are briefly urged upon our attention.
[1] We are of the opinion that the exceptions are well founded. Plaintiff does not allege that when kicked by Sullivan he was acting within the scope of his duties as employee, nor in furtherance of his employer's business. He does allege that at the time, Sullivan "had charge of the City Cab Company and was the agent and employee of C.W. Boyce." Simply because one is the employee of another and while so employed, on his own account, engages in a difficulty with a third person, even when on the employer's premises, does not render the employer liable for the consequences of the unlawful act of the employee. In this case, according to the allegations of the petition, after plaintiff was knocked down, Sullivan without any provocation, simply left the office and voluntarily assaulted him. Plaintiff does not allege that the lick to his head was delivered by an agent or employee of the company nor that there was any relation or connection between this blow and the battery committed upon him by Sullivan. However, as we fully agree with the trial court's decision on the merits, sustaining of the exceptions can have no material bearing on the final outcome of the case.
There are two main issues in this case. The first is: Who was the aggressor in the difficulty out of which plaintiff sustained injury? and second: If Sullivan was not the aggressor, did he employ more force than was necessary, under the circumstances, to protect himself against plaintiff carrying into effect the threats made by him?
Plaintiff's testimony substantially supports the material allegations of his petition. He did not attempt to identify the person he says struck him on the head, nor did he assign any reason for the attack upon him. This question may easily be dismissed from further consideration as the record, in our opinion, clearly establishes that he was not struck on the head by anyone. We think it obvious that the abrasions found by the doctor on plaintiff's head were caused from striking it against the sidewalk.
Plaintiff's testimony is, to a material extent, corroborated by that of a man named Marvin Gibson, a fellow workman. Gibson testified that he was on the opposite side of the street, fifty feet distant, when his attention was attracted toward the office by a "tussle" there; that at the time plaintiff was on the ground on his knees and hands trying to arise, "and a man stepped out of the cab door and kicked him". In the courtroom, Gibson identified Sullivan as being the man who, he says, did the kicking. He testified that there was another man in the office at the time and one outside, and that there were taxis about the premises. This testimony flatly contradicts that of plaintiff who says there were no taxis there at the time and no one in the office or about the premises save Sullivan. In other respects, some minor and some material, the testimony of these two men is at variance. We seriously doubt that Gibson was present and saw or heard any part *Page 722 
of the trouble. Not one of the several persons present saw him there. We believe that plaintiff went to the place, not to hire a taxi, but to create trouble.
The record makes it clear that plaintiff had been imbibing very freely of strong drink the evening of the altercation between him and Sullivan. He was at the time intoxicated and his friend, Gibson, admits that he, too, had taken on a few drinks that evening.
[2] The overwhelming preponderance of the testimony is against plaintiff's version of the facts out of which this suit arose, and supports defendant's version thereof. Plaintiff's version of these facts does not make sense. It is almost wholly unreasonable and contrary to human experience. He voluntarily testified that some two months prior to the date of the trouble with Sullivan, he was driven to his home in a taxi and the driver undertook to charge him double fare. Strange as it may seem, he did not know the name of the driver nor could he recall the name of the company for whom he worked. Some argument ensued from the effort to collect the double fare and, we infer, plaintiff took umbrage at the driver's conduct. With a rankling resentment in his heart, and his stomach charged with strong liquor, he evidently decided to go forth and even up scores with taxi companies in general, beginning with that of the defendant, Boyce. Just before he reached defendant's office he was heard to say that he was "going to clean out this joint".
Several witnesses, including Sullivan, testified that they observed plaintiff while coming in the direction of defendant's office, but on the opposite side of the street, and that when he was opposite the office he began cursing loudly and threw his hat out into the street. After crossing the street he approached one of defendant's taxi drivers, named Carl L. Stevens, and asked him who was in the office. He was told that Mr. Sullivan was in charge, to which he loudly replied: "Well, he is a no-good S__ O_ B____, ain't he?"
Defendant's office and waiting room are within the body of an old street car. It is parallel to the sidewalk and its floor is not over eighteen inches above it. We are not convinced that plaintiff got entirely into the small space used as an office, but are certain he intended to go in while cursing; and abusing Sullivan and acting exceedingly hostile toward him. He was prevented from getting in only by Sullivan's quick action. Had plaintiff been standing in the office Sullivan's foot could not have contacted his breast.
Sullivan testified, and he is abundantly corroborated, that he heard plaintiff cursing him before he reached the office door; that as he got to the door he told plaintiff to go away or he would call the police; that he got up to call the police, taking hold of the telephone receiver, when plaintiff declared: "Oh, I will just come in there and snatch your head off"; that plaintiff came to the door with his right hand in his pocket and at this juncture he was shoved backward and away from the door by the force of Sullivan's foot and leg. He fell to the sidewalk, but quickly attained a sitting position thereon and remained there until he heard the call for the police.
The law applicable to cases of this kind is no longer in doubt; on the contrary, it is well established by the jurisprudence of the state.
[3] We had occasion to discuss at length and pass on the legal question involved in this case, in Sheppard v. Causey, La. App., 8 So.2d 86, 94. The applicable rule of law was therein expressed in the following language, to-wit:'. "The settled jurisprudence of this State is to the effect that one who provokes a difficulty with another cannot recover damages for injuries inflicted upon him as a result thereof even though the conduct of the one who inflicts the injuries was not justified in law."
An array of cases is cited in the opinion to support the quoted rule.
Sullivan's back is broken and his left leg and side are partially paralyzed. He is fifty years old. Plaintiff is forty-six years of age and is a strong, vigorous man. Sullivan testified that he believed from plaintiff's words and acts that he intended to "work me over", and he lost no time in acting to prevent this being done. The conclusion he suddenly formed as to plaintiff's *Page 723 
intentions is well supported by the preponderance of the testimony in the case. Surely, under the circumstances, plaintiff was the aggressor. He brought on the difficulty. The force used to frustrate his unwarranted and unlawful intentions was not excessive.
For the reasons herein stated, the judgment appealed from is affirmed at plaintiff's cost.
KENNON, J., not participating.