48 So.2d 813 (1950)
SMITH
v.
CLEMMONS, Sheriff, et al.
No. 3307.
Court of Appeal of Louisiana, First Circuit.
November 22, 1950.
Jos. A. Gladney, Baton Rouge, for appellant.
Major & Sanders, Baton Rouge, for appellees.
LOTTINGER, Judge.
The plaintiff, Sinie Bell Smith, filed two suits for civil damages resulting from injuries received when she was allegedly beaten by deputy sheriffs of the Parish of East Baton Rouge. One suit is against Bryan Clemmons, Sheriff and Herman A. Thompson, Deputy Sheriff; the other suit is against Bryan Clemmons, Sheriff, and E. Frank Brian, Deputy Sheriff. The demand in both suits is against the sheriff and his deputies in their official capacities and against the deputies in their individual capacities. In each case, the defendants filed exceptions of no cause or right of action. Said exceptions were sustained insofar as the sheriff and his deputies in their official capacities were concerned and, to that extent each of the suits were dismissed. Upon motion of plaintiff, the suits were consolidated for purposes of trial against the deputies in their individual capacities and trial was held before a jury. In each case, verdict and judgment were in favor of defendants. Plaintiff appeals in both cases.
*814 Insofar as the acts complained of by plaintiff in each of the said cases are similar in nature and resulted from the same set of facts, and as the same points of law are involved in each case, we will consider the two cases in this opinion, however, separate judgments will be rendered.
In each case, plaintiff's petition alleges that on the morning of September 3, 1948, she and a companion were assaulted by a drunk man on East Boulevard Street in the City of Baton Rouge. During the assault, the drunk threatened to go and get a gun and return with it. Fearing the threats of the drunk, plaintiff went into a nearby cab stand and had the attendant on duty call for the sheriff. A few minutes later two deputy sheriffs arrived on the scene. While one of the deputies was talking to a colored man in an effort to learn the cause of the disturbance, plaintiff approached him and told him that she was the one who called the law, whereupon the deputy, Thompson, replied "Shut up, I'm not talking to you." The petition in the suit against the Sheriff and Deputy Thompson further alleges as follows:
"4. Petitioner then tried a second time to tell the deputy that she was the one who had called the law and that she just wanted to explain what the trouble was, when the deputy sheriff, who she later learned to be Herman A. Thompson, got out of the car, at the same time striking her over the head with his blackjack or brass knuckles, causing a large knot on her head, then he immediately shoved petitioner into the Sheriff's car and again struck her across her leg with his blackjack, or some blunt instrument.
"5. Petitioner now shows that the two deputy sheriffs who were in the car drove her to the jail at the courthouse; and that as they got out of the car, when she started going around the wrong side of the car, the said Herman A. Thompson hollered at her and ordered her to come around his side of the car, which she did, and as she approached him he kicked her in the side and as she passed him he kicked her twice in the rear; the said deputies then brought her up to the jail.
"6. Petitioner further shows that she was wrongfully and improperly arrested and therefore was improperly brought to the jail and that her imprisonment was false; and that because of the improper action and conduct on the part of the Deputy Sheriff Herman A. Thompson, he is not only responsible for petitioner's being arrested and falsely imprisoned, but also because of this false arrest and imprisonment of petitioner he is responsible for the direct consequences of what happened to her later on in the jail.
"7. Petitioner further shows that after she was taken up into the jail, they fingerprinted her and one of the deputies then handed the fingerprint card to the jailer, Frank Brian, who in turn asked her to sign the fingerprint card and handed her a pen; that after she signed the fingerprint card she laid the pen on the desk and it rolled off the desk to the floor.
"8. Thereupon, petitioner shows that Frank Brian, the deputy sheriff or jailer, drew a stick out of his desk and reached across his desk and struck her on top of the head once, twice, thrice, four times and then the fifth and sixth times; one of the times he struck her in the side, and the last time he struck her was on the forehead, causing a cut from which blood spurted and rushed and great quantities of it ran to the floor; * * *
"16. That the foregoing illegal acts and wrongs committed against your petitioner by the defendant, Herman A. Thompson, herein was done through no fault of the petitioner and was due solely to the improper action and willfulness on the part of the defendant, Herman A. Thompson, who was acting in his official capacity as Deputy Sheriff in and for the Parish of East Baton Rouge, State of Louisiana, under the supervision and control of Bryan Clemmons, Sheriff of the said Parish and State; and that defendant is also responsible to her and obligated to repair the damage done her as an individual.
"17. Petitioner further shows that the Sheriff, Bryan Clemmons, is responsible for the acts of the deputy sheriffs which are done in the course of and in the scope *815 of their employment as deputy sheriffs and in carrying out their duties; and that since the Deputy Sheriff, Herman A. Thompson, was called into the neighborhood on East Boulevard to keep peace and order and in doing so he improperly arrested petitioner, beat her and carried her to the jail where she was falsely imprisoned and further beaten by the jailer, all because of the improper action on the part of Herman A. Thompson, defendant herein, in arresting her; and in view of the fact that the said deputy sheriff was acting in the course of his employment and in the scope of his duties in keeping peace in community, the Sheriff, Bryan Clemmons, in his official capacity as such, is also responsible for the actions of the defendant, Herman A. Thompson, so that petitioner is entitled to obtain judgment against both of them, jointly and in solido."
The petition in the suit against the Sheriff and Deputy E. Frank Brian, alleges the same facts as those contained in the above mentioned suit and the wording in both petitions is substantially the same, with this exception, however, the plaintiff sues the Sheriff and Deputy Thompson for illegal arrest and false imprisonment and does not make such a charge against Deputy Brian.
Now with reference to the exceptions of no cause or right of action filed on behalf of the defendants, we are of the opinion that there may be some merit in the contention urged by the defendants, but due to the conclusion we have reached on the merits of the case, we do not think it necessary to pass on the exceptions. We further do not think it necessary to remand the case for the purpose of permitting the parties to bring in additional evidence for or against the Sheriff and his deputies in their official capacities because we are of the opinion that all of the testimony and evidence submitted in the case either for or against the Sheriff and his deputies in their official capacities all go to the merits of the case and therefore do not think a remand is necessary.
The main questions to be determined are whether the Deputies Thompson and Brian beat and injured the plaintiff without just cause and provocation, so as to render said Sheriff and deputies liable to plaintiff for damages sustained and/or whether the said Deputy Thompson falsely arrested or falsely imprisoned the plaintiff.
As stated before, the cases were consolidated for trial and trial was by jury of twelve. In the case against Deputy Thompson, the verdict was ten to two in favor of defendant. In the case against Brian, the verdict was eleven to one in favor of defendant. Upon the trial court rendering judgment in each case in favor of defendants, the plaintiff moved for, and was granted, an order for devolutive appeals.
The issue involved in each case is whether the attack upon plaintiff was provoked by her, and whether the plaintiff was falsely arrested or falsely imprisoned. It is well established that a plaintiff can not recover civil damages in this state if it is shown that such plaintiff has been at fault in provoking the difficulty in which the injury is received. Massett v. Keff, 116 La. 1107, 41 So. 330; Miller v. Meche, 111 La. 143, 35 So. 491; Welsh v. Van Valkenburgh, La.App., 189 So. 297; Ponthieu v. Coco, La.App., 18 So.2d 351; McCurdy v. City Cab Co., La.App., et al., 32 So.2d 720.
The latest expression of the rule was made in the case of Britt v. Merritt, La. App., 45 So.2d 902, 905, which also involves a civil suit against a Sheriff and his deputy, in the following language: "It is entirely possible under the jurisprudence of this state for a person to be properly charged with and convicted of the killing of another, or of inflicting great bodily harm upon him, and the injured person or his heirs, in case of his death, be without recourse civilly against the person so charged and convicted. This happens when the deceased or injured person provokes, instigates or creates conditions by words or actions, of such character as to make him the aggressor in the difficulty out of which the action is alleged to have arisen."
This rule of law was likewise very clearly stated by this court in the case of Landry v. Himel, La.App., 176 So. 627, *816 629, in which the plaintiff was barred from recovery because of abusive language toward defendant, accompanied by threatening gestures with her hands, and the court stated: "Where a plaintiff provokes a difficulty by insults, abuse, threats, or other conduct calculated to arouse resentment or fear on the part of the defendant, the plaintiff cannot recover for an assault and battery, although the defendant may not have been justified in law in his conduct."
Deputy Thompson claimed that plaintiff, while in a drunken condition, cursed, abused and attacked him from the rear, and, whereupon, he not knowing that his assailant was a woman, turned and hit her in the head with his night stick. He grappled with her. She struggled and cursed while both deputies handcuffed her and placed her in the back seat of the car and after she was placed in the automobile, she continued to kick and curse the deputies. Both deputies who were in the car at that time, characterized her as being crazydrunk. She was driven to the parish jail by the deputies where they had a difficult time getting her out of the automobile. While deputies were proceeding toward the elevator with plaintiff, she broke away from them and in so doing fell on the steps leading to the jail elevator. Deputy Brian claimed that they had a very difficult time in getting the fingerprints of the plaintiff and also in getting plaintiff to sign the fingerprint card; that she cursed and abused Deputy Brian and threw a fountain pen into his face, whereupon, he slapped her with his hand. Considerable evidence and testimony was introduced by both sides. The decision in both of these cases hinged on the credibility of the witnesses.
Our learned brother of the district court, gave a very able charge to the jury. He fully explained to the jury that to justify a verdict in plaintiff's favor for damages arising from an assault and battery or the personal injuries resulting therefrom, that the plaintiff must not only prove to their satisfaction and by a preponderance of evidence that the plaintiff sustained such assault and/or battery at the hands of the defendants but also must prove to their satisfaction and by a preponderance of evidence that the plaintiff did not provoke the assault and battery by her actions. The district judge further fully explained to the jury in his charge that before the plaintiff can recover against Deputy Thompson on the charge of a false arrest or false imprisonment that the burden of proof rests upon the plaintiff to prove to their satisfaction and by a preponderance of evidence that Herman A. Thompson intentionally restrained, confined or detained the plaintiff, Sinie Bell Smith, and that his confinement, restraint or detention of plaintiff was unlawful and without legal justification. The Judge also charged to the jury that the arrest of the plaintiff by Deputy Thompson was not unlawful if said plaintiff committed any acts observed by Deputy Thompson, acting as an officer of the law, which constituted a misdemeanor or other criminal offense under the laws of this state. The district judge in his charge to the jury fully discussed the criminal offenses of disturbing the peace, as defined in Article 103 of the Criminal Code, obscenity, as defined in Article 106 of the Criminal Code, and resisting an officer, as defined in Article 108 of the Criminal Code. The lower court likewise explained in its charge to the jury that they were the sole and exclusive judges of the facts and that they were likewise the judges of the credibility of the witnesses. There was a considerable amount of conflicting testimony given in these cases. It would serve no useful purpose to rehash all of this conflicting testimony here, however, the jury resolved the question of credibility in favor of the witnesses for defendants, and found that the plaintiff had provoked the difficulties which led to her alleged assault and battery, and that Deputy Thompson had not falsely arrested or falsely imprisoned the plaintiff. It is well settled in this state that the verdict of a jury will not be disturbed except for manifest error. Selser v. Revol, 152 La. 447, 93 So. 675; Moret v. New Orleans Railway Co., 112 La. 863, 36 So. 759; Graham v. Gordon, La.App., 148 So. 105. In Selser v. Revol, the Supreme Court, *817 through Justice Land, said: "It is the peculiar province of a jury under the law of this state to pass upon the credibility of witnesses. A jury of the vicinage is presumed to know the witnesses, and to be acquainted with their reputations for truth and veracity in the community in which they live. The jury see the witnesses, hear them testify, and are better capacitated to place a just estimate on their evidence than the judges of the Supreme Court on appeal, and their verdict, for these reasons, should not be lightly considered or hastily disturbed." [152 La. 447, 73 So. 677.]
We find no manifest error in the findings of fact by the jury, and must conclude that, as plaintiff provoked the difficulties in which she received the injuries, she is precluded from recovering damages. The judgment of the lower court will be affirmed at plaintiff's cost.
Judgment affirmed.