McClendon, j.
pin this appeal, Desirea R. Eschete seeks review of a judgment declaring an act of donation null and void for lack of form. For the following reasons, we affirm.
FACTS
Brian Louis Eschete filed a petition for divorce on April 23, 2010, seeking a divorce from Desirea R. Eschete, appellant herein. On November 8, 2010, Mr. Eschete signed an act of donation, donating his one-half interest in the parties’ matrimonial home *987 to Ms. Eschete. On June 13, 2011, a judgment of divorce was rendered. Six months later, on December 14, 2011, Mr. Eschete filed a petition for nullity, alleging the act of donation was absolutely null.
The petition for nullity stated that the act of donation was signed at the law office of Rebecca N. Robichaux, who was Ms. Eschete’s attorney in the divorce proceedings, and further alleged that the document should be declared null and void as it was signed outside the presence of a notary public, the two required witnesses, and the donee. Attached to the petition was a copy of the act of donation that Mr. Es-chete received after signing. This copy reflected only his and Ms. Eschete’s signatures, with the signature lines for the notary public and witnesses left blank. The petition also included a copy of the fully executed act of donation that was later filed in the public records, which was signed by Rebecca N. Robichaux, as notary public, and Connie Bourgeois and Ash-leigh Smith, as witnesses.
At the trial on the petition for nullity, the trial court heard testimony from Mr. and Ms. Eschete, Ms. Robichaux, Ms. Bourgeois, and Ms. Smith. The trial court then rendered judgment, declaring the November 8, 2010 act of donation null and void because it was not executed “before” a notary public and two witnesses and it was not signed by the donor and by the donee at the same time and place.
On appeal, Ms. Eschete contends that the trial court erred: (1) in finding that Mr. Eschete did not sign in the presence of a notary and two witnesses; (2) in finding that Mr. Eschete offered sufficient evidence to overcome the legal presumption of the genuineness of an authentic act; and (3) in applying the rules governing interspousal | ^donations, which state that the act of donation shall be signed by the donor and donee at the same time and place.
ANALYSIS

Assignments of Error 1 and 2

Louisiana Civil Code article 1541 requires that donations inter vivos be done by authentic act under the penalty of absolute nullity, unless otherwise expressly permitted by law. An “authentic act” is defined by LSA-C.C. art. 1833 as a “writing executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed.” A material deviation from the manner of execution prescribed by the codal article governing authentic acts will be fatal to the act which purports on its face to be authentic. Hardin v. Williams, 468 So.2d 1302, 1304 (La. App. 1 Cir.1985), ajfd, 478 So.2d 1214 (La. 1985). However, one seeking to invalidate an apparently authentic act must present strong and convincing proof of such magnitude as to overcome the presumption of verity of notarial acts. Meltzer v. Meltzer, 95-0551, 95-0552 (La.App. 4 Cir. 9/28/95), 662 So.2d 58, 61, writ denied, 95-2616 (La.1/5/96), 666 So.2d 293.
In the present case, all of the parties agree that the document was signed by the donor, the donee, a notary, and two witnesses. All parties also agree that it was a donation of immovable property, not a sale. The issue with regard to the first and second assignments of error is whether the act of donation was “executed before” a notary public and “in the presence” of two witnesses.
Conflicting testimony was presented at the trial of this matter regarding the events surrounding Mr. Eschete’s signing of the act of donation. Mr. Eschete can *988 didly admitted that he signed the act of donation and testified that he signed the document at Ms. Robichaux’s office around 10:30 a.m. on November 8, 2010 in the presence of Ms. Robichaux’s secretary, Connie Bourgeois. Mr. Eschete claimed that he did not see Ms. Robichaux or Ms. Smith when he was signing the document.
|4In contrast, Ms. Robichaux, Ms. Bourgeois, and Ms. Smith testified that Mr. Eschete signed the document around 12:00 p.m., during the lunch hour. Ms. Robi-chaux, Ms. Bourgeois, and Ms. Smith all specifically testified that Mr. Eschete signed the document on a clipboard in the waiting room of the law office, after reviewing it with Ms. Bourgeois.
Ms. Robichaux testified that she was on the telephone in Ms. Bourgeois’ office area, twelve feet away from the waiting room with the open door, and she could see Mr. Eschete as he signed. Ms. Robi-chaux testified that “I don’t know what [Ms. Bourgeois] brought out for him to sign,” but that she “saw him signing it.” However, she indicated that “[t]he protocol is we go out with a clipboard and the document is on the clipboard. I assume that’s ... what it was.”
Ms. Smith acknowledged that she never went into the waiting room when Mr. Es-chete was signing the document, although she understood the importance of actually “being there” and seeing the signature on a notarized document. However, Ms. Smith testified that she could see Mr. Es-chete while she was making copies at the copy machine in Ms. Bourgeois’ office area.
Ms. Bourgeois acknowledged that no one was in the waiting room with her when Mr. Eschete signed the act of donation.
She further testified that if Ms. Robichaux and Ms. Smith were in the adjoining room, they could have seen the motion made by Mr. Eschete in signing, but they would not be able to see his signature on the document.
While the trial court appears to have accepted the testimony of Ms. Robi-chaux and Ms. Smith as credible and that they were, in fact, in an adjoining office with the door open with Ms. Robichaux on the phone and Ms. Smith making copies, the trial court found that “the writing was not executed before Ms. Robichaux and that ... Mr. Eschete was not in the presence of Ms. Smith at the signing of the document.” Under these specific facts, we cannot conclude that the trial court erred in finding that the act did not meet the requirements of an authentic act as contemplated by LSA-C.C. art. R1833.[1] Clearly, the physical separation prevented the notary and one of the witnesses from observing Mr. Eschete affix his signature onto the act of donation.
As the trial court obviously recognized, the purpose of the authentic act requirements is to ensure the validity of a signature on a document and that the person whose name appears thereon is the person who actually signed the document. The notary and witnesses attest to seeing the party sign the document. Zamjahn v. Zamjahn, 02-871 (La.App. 5 Cir. 1/28/03), 839 So.2d 309, 315, writ denied, 03-0574 (La.4/25/03), 842 So.2d 410. The notary and both witnesses are not required to sign the document at the same time as all parties to the contract, but they must be present to witness the contracting parties’ *989 signatures. Brumfield, v, Brumfield, 457 So.2d 763 (La.App. 1 Cir.1984).
Last, we note that while we have reviewed the case of Finance Security Co. v. Williams, 42 So.2d 902 (La.App. 1 Cir. 1949), cited and relied on by Ms. Eschete, we find the case to be distinguishable from the present matter. In that case, there was no question that the document was signed before a notary and the witnesses were called in by the notary while the parties were still present. Further, while this court recognized in Finance Security Co. that substantial compliance may be sufficient to meet the authentic act requirements, the Louisiana Supreme Court in Hardin recognized that the requirements for an authentic act must be strictly followed. See Bonnett v. Mize, 556 So.2d 228, 233 (La.App. 2 Cir.), writ denied, 559 So.2d 1360 (La.1990). As such, the “substantial compliance” standard for authentic acts enunciated by this court in Finance Sec. Co. may no longer be viable.
Accordingly, we find no merit in assignment of error numbers one and two.[2]
I ^CONCLUSION
The judgment of the trial court is hereby affirmed. Costs of this appeal are assessed to appellant, Desirea R. Eschete.
AFFIRMED.

. While we recognize that the trial court, in its oral reasons, also alluded to “multitasking” and that "one must not multitask in performing an authentic act,” we find it unnecessary to address this issue on appeal. Appeals are taken from judgments, not written reasons for judgment. Wooley v. Luck-singer, 09-0571 (La.4/1/11), 61 So.3d 507, 572.

. Given our reasoning herein, we pretermit: consideration of the issue of whether this act of donation is governed by LSA-C.C. art. 1747 and invalid thereunder as it was not signed at the same time and same place by the donor and by the donee.